UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE E. O'BRIEN,<br>    Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST NATIONAL<br>ASSOCIATION, as Successor<br>Trustee to CITIBANK, N.A., as<br>Trustee for Holders of BEAR<br>STEARNS ALT-A TRUST 2006-6<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 2006-6,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 17-cv-11228-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                              February 5, 2021

I.   BACKGROUND

This motion arises from an action brought by plaintiff Jane E. O'Brien in June 2017 to enjoin foreclosure on her home, quiet title to that home, and obtain damages for the intentional infliction of emotional distress. <u>See</u> Verified Compl. (Dkt. No. 1-1). On November 30, 2020, this court entered judgment for defendant Wilmington Trust National Association after allowing its Motion for Judgment on the Pleadings for the reasons explained in detail in a Memorandum issued on the same date. <u>See</u> Nov. 30, 2020 Mem. and Order (Dkt. No. 35). By that time, plaintiff had been living in a multi-million-dollar home for almost ten years without making mortgage payments and was approximately $1,700,000 in default on the mortgage. Opp. to Second Motion for Extension of Time to File

Notice of Appeal at 1 (Dkt. No. 41). The court also dissolved a pre-removal state court preliminary injunction order, in part because plaintiff was $248,000 in arrears on monthly payments she had been ordered to make into escrow to remain living in the property during the pendency of this case. <u>See</u> Second Mot. to Dissolve Preliminary Injunction (Dkt. No. 34).

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), plaintiff was permitted to file a notice of appeal within 30 days of the entry of the judgment. The deadline was, therefore, December 30, 2020. On that day, at 3:39 p.m., plaintiff filed her first Motion for Extension of Time to File Notice of Appeal (Dkt. No. 37). As grounds, she stated:

> [G]ood cause exists to permit this extension because: (1) Plaintiff may obtain new appellate counsel to proceed with an appeal, as opposed to continuing with trial counsel; (2) Plaintiff may obtain funding to cure an existing default in injunction arrears/payments in a relatively short period of time; (3) <u>Plaintiff will not seek a second or further extension</u>; (4) Plaintiff has already taken substantial steps to determine whether to proceed in this action or proceed extrajudicially but certain factors and conditions outside of Plaintiff's control have not yet been decided or determined.

First Mot. Extend ¶6 ("First Motion") (Dkt. No. 37) (emphasis added). The court allowed the motion before receiving a response from defendant, and extended the deadline to appeal to January 27, 2021. <u>See</u> Dkt. No. 38.

On January 27, 2021, at 11:22 p.m., plaintiff filed her Final Motion for Extension of Time to File Notice of Appeal ("Second

2

Motion"). See Dkt. No. 39. She cited virtually identical reasons, except that she no longer stated that she would not seek a further extension, and she vaguely referenced "new information" rather than "factors and conditions outside of [her] control." See Dkt. No. 39 ¶6.

As ordered, defendant responded to the Second Motion on February 2, 2021. See Dkt. No. 41. Defendant argues that the Second Motion should be denied because it did not include a supporting affidavit; it was untimely; it does not show excusable neglect; it does not show good cause, which is not the applicable standard in any event; and plaintiff represented in her First Motion that she would not request an additional extension.

For the reasons explained below, the court is denying the Second Motion.

II. DISCUSSION

    A. The Second Motion Does Not Comply with Local Rule 7.1

Plaintiff's Second Motion does not comply with the requirements of Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"). Rule 7.1 provides:

> A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

Local Rule 7.1(b)(1). Plaintiff did not file the required supporting memorandum or an affidavit setting forth the facts she alleges in the motion. The court could, therefore, deny this motion for failure to comply with Rule 7.1. See Rissman Hendricks & Oliverio, LLP v. MIV Therapeutics Inc., No. CV 11-10791-MLW, 2013 WL 12321564, at *1 (D. Mass. June 14, 2013) ("A district court may deny a motion, without prejudice, for failure to comply with the Local Rules."); Hasbro, Inv. v. Serafano, 168 F.R.D. 99, 101-02 (D. Mass 1996) (motion denied without prejudice because of failure to consult prior to filing as required by Local Rule 7.1(A)(2)); United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992) ("A district court possess great leeway in the application and enforcement of its local rules.") However, as discussed below, the motion is unmeritorious in any event.

B. Legal Standard

"An unsuccessful litigant in a federal district court may take an appeal, as a matter of right, from a final decision of the district court." Gelboim v. Bank of Am. Corp., 574 U.S. 405, 407 (2015) (internal marks omitted). Appeals as of right are governed by Federal Rule of Appellate Procedure 3, which provides that such appeals "may be taken only by filing a notice of appeal with the district court within the time allowed by Rule 4." Fed. R. App. P. 3(a). Rule 4(a)(1)(A) provides that the notice of appeal "must be filed with the district clerk within 30 days after entry of the

4

judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, Rule 4 also provides that:

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Therefore, the relevant issues are whether the Second Motion is timely, and whether plaintiff has shown either good cause or excusable neglect.

### C. Plaintiff's Motion is Timely Filed

After the court allowed plaintiff's First Motion, her deadline to file a notice of appeal was January 27, 2021. See Dkt. No. 38. On that day, plaintiff filed her Second Motion at 11:22 p.m. See Dkt. No. 39. Under Local Rule 5.4(d), a motion must be filed prior to 6:00 p.m. to be considered timely filed that day. Accordingly, the Second Motion was filed after the deadline to appeal had passed. However, a motion to extend the deadline to file a notice of appeal need not be filed by the appeal deadline. Rather, it must be filed within 30 days of the expiration of the original 30-day deadline. In this case, the order entered on November 30, 2020. Therefore, the 30-day period expired on December

5

30, and a motion to extend filed on or before January 29, 2021 would be timely. Accordingly, the Second Motion was timely filed.

### D. Plaintiff Fails to Show Good Cause

Plaintiff argues that good cause exists, justifying another extension. See Second Motion ¶6 (Dkt. No. 39). However, defendant argues that where a party moves for an extension after the deadline has passed, as plaintiff did here, only the "excusable neglect" standard is applicable, erroneously relying on cases such as Lujan v. National Wildlife Federation, 497 U.S. 871, 896 (1990), Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013), Moringlane-Ruiz v. Trujillo-Panisse, 232 F.Appx. 8, 9-10 (1st Cir. 2007), and Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005), which interpret Federal Rule of Civil Procedure 6(b). Rule 6(b) distinguishes between motions for extension filed before and after the original deadline. See Fed. R. Civ. P. 6(b)(1)(B). By contrast, Federal Rule of Appellate Procedure 4 provides that a party may seek an extension for "excusable neglect or good cause" "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(ii) (emphasis added). See also Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 453 (1st Cir. 1995) (quoting Scarpa v. Murphy, 782 F.2d 300, 301 (1st Cir. 1986)) ("Rule 4(a)(5) 'expressly recognizes "good cause" as a basis for extension both before and after the

expiration of the appeal time.'"). Accordingly, the court may allow the Second Motion if plaintiff has shown either good cause or excusable neglect.

As the First Circuit has written, "where there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, 'good cause' has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect." Mirpuri, 212 F.3d at 630. See also Pontarelli v. Stone, 930 F.2d 104, 111 (1st Cir. 1991) ("Where the need for an extension of time to file a notice of appeal results entirely from neglect attributable to the would-be appellant, as distinguished from forces beyond her control, amended rule 4(a)(5) requires a showing of 'excusable neglect.'"); Virella-Nieves, 53 F.3d at 453-54. Similarly, an Advisory Committee Note to Rule 4 explains:

> The good cause and excusable neglect standards have 'different domains.'" (quoting Lorenzen v. Emps. Ret. Plan, 896 F.2d 228, 232 (7th Cir.1990)). . . . The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4 advisory committee's note.

In this case, plaintiff's sole alleged justifications for not having filed a notice of appeal are that she "may obtain new

7

appellate counsel," "may obtain funding to cure an existing default in inunction arrears/payments," and "has already taken substantial steps to determine whether to proceed in this action . . . ." Second Motion ¶6 (Dkt. No. 39). All these matters are within plaintiff's control. Even if she was incapable of completing these tasks before the deadline to file her notice of appeal, she provides no explanation for why these tasks prevented her from filing such a notice. Accordingly, she has not shown that she was prevented from appealing by forces beyond her control. Therefore, she has not shown good cause for her failure to do so.

### E. Plaintiff Fails to Show Excusable Neglect

With regard to excusable neglect, the inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Quoting the Eighth Circuit, the First Circuit wrote in Hospital del Maestro v. National Labor Relations Board, 263 F.3d 173, 175 (1st Cir. 2001):

> The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith

8

might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.... [A]t the end of the day, the focus must be upon the nature of the neglect.

The analysis of a movant's reasons for delay is case-specific, but "[m]ere 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" Mirpuri, 212 F.3d at 631 (quoting Pioneer, 507 U.S. at 392). The First Circuit has sometimes required "unique and extraordinary circumstances" for a finding of excusable neglect. Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 4 (1st Cir. 2001). Defendant cites this standard in its opposition to the Second Motion. See Dkt. No. 41 at 7. However, the Supreme Court's decision in Pioneer appears to have relaxed that standard and made it a more open-ended equitable inquiry. See Graphic Commc'ns Int'l Union, 270 F.3d at 5 ("[T]he Pioneer standard is more forgiving than the standard in our prior case law.") Nonetheless, "there still must be a satisfactory explanation for [a] late filing." Id.

As discussed earlier with regard to good cause, the reasons plaintiff provides for the requested extension have been within her control. She offers no explanation as to why she could not have filed a notice of appeal while she obtains appellate counsel, seeks funding, and considers how she wishes to proceed. Moreover, plaintiff represented in the First Motion that she "[would] not

9

seek a second or further extension." See First Motion ¶6 (Dkt No. 37). She does not explain in the Second Motion why this representation was not reliable. Rather, she only repeats essentially the same reasons as she did in the First Motion without providing any explanation as to why the first extension was insufficient.

These considerations undermine any claim that plaintiff has acted in good faith, another Pioneer factor. See Pioneer, 507 U.S. at 395. Plaintiff has a long history of missing deadlines and failing to comply with court orders in this case. See Nov. 30, 2020 Mem. and Order at 3-4 (Dkt. No. 35). For example, she failed to timely oppose defendant's motion for judgment on the pleadings, then belatedly moved for an extension of time without the certificate of consultation required by Local Rule 7.1(a)(2). See Dkt. No. 13. Defendant opposed that motion for an extension, see Dkt. No. 14, and plaintiff failed to file a timely reply. When the court set a new deadline for plaintiff to file her opposition to the motion for judgment on the pleadings, see Dkt. No. 18, she missed the deadline again. See Dkt. No. 21. In addition to these repeated failures to meet deadlines, plaintiff violated the preliminary injunction issued by the state court by failing to pay money into escrow, as discussed earlier. In this context, the court finds that plaintiff's Second Motion for an extension for unmeritorious reasons is not made in good faith.

The length of delay favors plaintiff, as she only seeks to delay the appeal by two weeks. See Second Motion at 2 (Dkt. No. 39). In addition, she will be harmed to the extent that she will lose her opportunity to appeal. See Fed. R. App. P. 3(a) (appeals may be taken only by filing timely notice of appeal with district court); Fed. R. App. P. 4(a)(5)(A) (allowing only district court to extend time to file notice of appeal); Fed. R. App. P. 26(b)(1) (prohibiting courts from extending time to file notice of appeal except as authorized by Rule 4). However, this is a self-inflicted wound rather than unfair prejudice.

Moreover, defendant will be prejudiced if this case is further delayed. It has long been deprived of its property while plaintiff has enjoyed living in it for free, and there is not a proper justification for perpetuating that deprivation.

In essence, it would be inequitable to allow the Second Motion to extend in light of plaintiff's inadequate excuses, her prior assurance that she would not file another motion to extend the deadline to appeal, her long history of failure to obey court orders and missed deadlines, and the fact that she has drawn out this litigation for over a decade, allowing her to live in a multi-million-dollar house without paying for it. Therefore, the Second Motion is being denied.

III. ORDER

In view of the foregoing, plaintiff's Final Motion for Extension of Time to File Notice of Appeal (Dkt. No. 39) is hereby DENIED.

                                                 /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE